## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                         )
ENGELHARD CORPORATION,     )
                         )
       Plaintiff,       )
                         )
     v.            )     **Civil Action No. 05-11241-JLT**
                         )
UNITED STATES OF AMERICA, et al., )     (*Electronic filing*)
                         )
       Defendants.     )
                         )
_____)

## <u>UNITED STATES' PARTIAL ANSWER</u>

Defendants are filing contemporaneously herewith a motion for partial dismissal of the

Complaint that was filed by Plaintiff Engelhard Corporation ("Engelhard") on June 13, 2005

(hereinafter "Complaint"). Specifically, Defendants' motion seeks dismissal of the first, second,

third, and fifth causes of action in the Complaint (Paragraphs 62-71, 72-74, 75-78, and 83-87),

pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). Under Rule 12(a)(4)(A) of the Federal Rules

of Civil Procedure, the time within which the United States must plead in response to those

claims is tolled pending the Court's decision on the motion for partial dismissal.

Accordingly, Defendants United States of America, United States Department of

Defense, Donald Rumsfeld, in his official capacity as Secretary of Defense, United States Mint,

David Lebryk, in his official capacity as Acting Director of the United States Mint,[1] United

States Nuclear Regulatory Commission, and Nils J. Diaz, in his official capacity as Chairman of

_____

[1] Pursuant to Federal Rule of Civil Procedure 25(d), David Lebryk, the Acting Director of the
United States Mint, is substituted for Henrietta Holsman Fore as a party to this action.

- 1 -

the United States Nuclear Regulatory Commission (collectively "United States" or "Defendants") by and through undersigned counsel, hereby assert their defenses and responses to allegations in the Complaint, as follows:

1.       With respect to the allegations contained in Paragraph 1 of the Complaint, the United States admits that the former Engelhard Corporation facility is located at State Route 152, in Plainville, Massachusetts.  The remaining allegations contained in Paragraph 1 of the Complaint are either conclusions of law to which no response is required, or characterizations of the claims set forth in the Complaint, which claims speak for themselves and are the best evidence of their contents.  Therefore, no response is required.  To the extent a response is required with respect to the remaining allegations contained in Paragraph 1 of the Complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies those allegations.

2.       The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis denies the allegations.

3.       The allegations in the first sentence of Paragraph 3 of the Complaint refer to or characterize contracts, which documents speak for themselves and are the best evidence of their contents.  Therefore, no further response is required.  The United States is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations in the second sentence of Paragraph 3 of the Complaint as stated, and on that basis denies the allegations.

4.       The United States admits that the U.S. Department of Defense is a department of

the United States government and denies the remainder of Paragraph 4 of the Complaint as stated.

5.     The United States admits the allegations in Paragraph 5 of the Complaint.

6.     The United States admits that the United States Mint is an agency of the United States government and denies the remainder of Paragraph 6 of the Complaint as stated.

7.     The United States denies the allegations in Paragraph 7 of the Complaint.

8.     The United States admits that the United States Nuclear Regulatory Comission is an agency of the United States government and denies the remainder of Paragraph 8 of the Complaint as stated.

9.     The United States admits the allegations in Paragraph 9 of the Complaint.

10.     The allegations in Paragraph 10 characterize the claims for relief contained in the Complaint, which document speaks for itself and is the best evidence of its contents.  Therefore, no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies the allegations.

11.     The allegations in Paragraph 11 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States denies the allegations contained in Paragraph 11 of the Complaint.

12.     The allegations in Paragraph 12 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States denies the allegations contained in Paragraph 12 of the Complaint.

13.     The allegations in Paragraph 13 of the Complaint are conclusions of law to which

- 3 -

no response is required. To the extent a response is required, the United States denies the allegations contained in Paragraph 13 of the Complaint.

14. The United States is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint as stated, and on that basis denies the allegations.

15. The United States is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis denies the allegations.

16. The United States is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and on that basis denies the allegations.

17. The United States is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis denies the allegations.

18. The allegations in Paragraph 18 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the United States denies the allegations contained in Paragraph 18 of the Complaint.

19. The allegations in Paragraph 19 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the United States denies the allegations contained in Paragraph 19 of the Complaint.

20. The United States is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis

denies the allegations.

21.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on that basis denies the allegations.

22.     The allegations in Paragraph 22 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and on that basis denies the allegations.

23.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and on that basis denies the allegations.

24.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and on that basis denies the allegations.

25.     The allegations in Paragraph 25 of the Complaint refer to and purport to characterize a document, which document speaks for itself and is the best evidence of its contents.  Therefore, no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and on that basis denies the allegations.

26.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on that basis denies the allegations.

27.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and on that basis denies the allegations.

28.     The allegations in Paragraph 28 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint at this time, and on that basis denies the allegations.

29.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint at this time, and on that basis denies the allegations.

30.     The allegations in Paragraph 30 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint at this time, and on that basis denies the allegations.

31.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint at this time, and on that basis denies the allegations.

32.     The allegation in Paragraph 32, that "large quantities of trichloroethylene were used" is too vague and ambiguous to formulate a response.  To the extent a response is required, the United States is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and on that basis denies the allegations.

33.     The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 33 of the Complaint, and on that basis denies the allegations.

34.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and on that basis denies the allegations.

35.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and on that basis denies the allegations.

36.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and on that basis denies the allegations.

37.     The allegations in Paragraph 37 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and on that basis denies the allegations.

38.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint at this time, and on that basis denies the allegations.

39.     The allegations in Paragraph 39 of the Complaint refer to and characterize a document, which document speaks for itself and is the best evidence of its contents.  Therefore, no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 39 of the Complaint, and on that basis denies the allegations.

40.    The allegations in Paragraph 40, regarding "certain building areas at the Facility," are too vague and ambiguous to formulate a response.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint at this time, and on that basis denies the allegations.

41.    The allegation in Paragraph 41, regarding "[o]ther portions of the facility" is too vague and ambiguous to formulate a response.  Further the allegations in Paragraph 41 of the Complaint refer to and characterize a "decommissioning plan," which document speaks for itself and is the best evidence of its contents.  Therefore, no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint at this time, and on that basis denies the allegations.

42.    The allegations in the first sentence of Paragraph 42 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 42 of the Complaint at this time, and on that basis denies the allegations.  The allegations in the second sentence of Paragraph 42, specifically the phrase "from it Site Decommissioning Plan," are too vague and ambiguous to formulate a response.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 42 of the Complaint at this time, and on that basis denies the allegations.

43.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint at this time, and on that basis denies the allegations.

44.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint at this time, and on that basis denies the allegations.

45.     The allegations in Paragraph 45 of the Complaint refer to and characterize documents, which documents speak for themselves and are the best evidence of their contents. Therefore, no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint, and on that basis denies the allegations.

46.     The allegations in Paragraph 46, regarding "the high intrinsic value of the government-owned material" and "rigorous inventory control measures," are too vague and ambiguous to formulate a response.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and on that basis denies the allegations.

47.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and on that basis denies the allegations.

48.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and on that basis denies the allegations.

49.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and on that basis denies the allegations.

50.     With respect to the allegations in Paragraph 50 of the Complaint, the United States admits that Engelhard "operated" an ion wastewater treatment system at the Facility at some time periods.  The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 of the Complaint, and on that basis denies the allegations.

51.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and on that basis denies the allegations.

52.     With respect to the allegations in Paragraph 52 of the Complaint, the United States admits that Engelhard "arranged" for the handling of wastewater at the Facility at some time periods.  The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 of the Complaint, and on that basis denies the allegations.

53.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and on that basis denies the allegations.

54.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint, and on that basis denies the allegations.

55.     Based upon information and belief, the United States affirmatively alleges that the United States Environmental Protection Agency is overseeing the performance of corrective actions at the Facility pursuant to the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901-92k, and in the course of conducting that oversight function is maintaining an administrative record.  Based upon information and belief, the allegations in Paragraph 55 of the Complaint concern facts reflected in the administrative record, which record speaks for itself and is the best evidence of its contents.  To the extent a further response is deemed required, the United States is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint, and on that basis denies the allegations.

56.     The allegations in Paragraph 56 of the Complaint refer to and purport to characterize a document, which document speaks for itself and is the best evidence of its contents.  Therefore, no response is required.

57.     The allegations in Paragraph 57 of the Complaint refer to and purport to characterize a document, which document speaks for itself and is the best evidence of its contents.  Therefore, no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint, and on that basis denies the allegations.

58.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and on that basis denies the allegations.

59.     The allegations in Paragraph 59 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 59 of

the Complaint refer to and purport to characterize a document, which document speaks for itself and is the best evidence of its contents.

60.    The allegations in Paragraph 60 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 60 of the Complaint refer to and purport to characterize a document, which document speaks for itself and is the best evidence of its contents.

61.    The United States denies the allegations in Paragraph 61 of the Complaint as stated.

62.    The United States responds to Paragraph 62 of the Complaint by incorporating by reference, as if specifically set forth herein, the foregoing Paragraphs 1-61 of this Partial Answer.

63-71.  In lieu of responding to the allegations contained in Paragraphs 63 through 71 of the Complaint at this time, the United States has filed a motion pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

72.    The United States responds to Paragraph 72 of the Complaint by incorporating by reference, as if specifically set forth herein, the foregoing Paragraphs 1-71 of this Partial Answer.

73-74.  In lieu of responding to the allegations contained in Paragraphs 73 through 74 of the Complaint at this time, the United States has filed a motion pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

75.    The United States responds to Paragraph 75 of the Complaint by incorporating by reference, as if specifically set forth herein, the foregoing Paragraphs 1-74 of this Partial

Answer.

76-78.  In lieu of responding to the allegations contained in Paragraphs 76 through 78 of the Complaint at this time, the United States has filed a motion pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

79.    The United States responds to Paragraph 79 of the Complaint by incorporating by reference, as if specifically set forth herein, the foregoing Paragraphs 1-78 of this Partial Answer.

80.    The allegations in Paragraph 80 of the Complaint refer to and purport to characterize the Administrative Order of September 9, 1993, which document speaks for itself and is the best evidence of its contents.  Therefore, no response is required.  Further, based upon information and belief, the United States affirmatively alleges that the United States Environmental Protection Agency is overseeing the performance of corrective actions at the Facility pursuant to the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901-92k, and in the course of conducting that oversight function is maintaining an administrative record. Based upon information and belief, the allegations in Paragraph 80 of the Complaint concern facts reflected in the administrative record, which record speaks for itself and is the best evidence of its contents.  To the extent a further response is deemed required, the United States is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint, and on that basis denies the allegations.

81.    The allegation in Paragraph 81 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is required, the United States denies the allegation.

82.    The allegations in Paragraph 82 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States denies the allegations.

The remaining paragraph in the fourth cause of action in the Complaint is a prayer for relief, to which no response is required.  To the extent a response is deemed necessary, the United States denies that Plaintiff is entitled to the relief it requests.

83.    The United States responds to Paragraph 83 of the Complaint by incorporating by reference, as if specifically set forth herein, the foregoing Paragraphs 1-82 of this Partial Answer.

84-87.  In lieu of responding to the allegations contained in Paragraphs 84 through 87 of the Complaint at this time, the United States has filed a motion pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

88.    The United States responds to Paragraph 88 of the Complaint by incorporating by reference, as if specifically set forth herein, the foregoing Paragraphs 1-87 of this Partial Answer.

89-91.  In lieu of responding to the allegations contained in Paragraphs 89 through 91 of the Complaint at this time, the United States has filed a motion pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

92.    To the extent that any allegation of fact in the Complaint remains unanswered, the United States denies such allegation.

WHEREFORE, the United States requests that this Court enter an order denying Engelhard's claims for relief and prayers for relief; denying all other relief sought by Engelhard;

dismissing the Complaint with prejudice and with costs; entering judgment in favor of the United States; and awarding to the United States their costs and such further relief as the Court deems just and proper.

<div align="center">DEFENSES</div>

Defendants United States of America, et al. assert the following defenses to the claims made in the Complaint:

1.     The Court lacks jurisdiction over the subject matter of one or more claims contained in the Complaint.

2.     The United States has not waived its sovereign immunity with respect to one or more claims contained in the Complaint.

3.     The Complaint fails to state a claim upon which relief may be granted.

4.     Some or all of Engelhard's claims are moot.

5.     None of the Defendants is a liable party under section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607, for the alleged contamination at the sites or facilities identified in the Complaint.

6.     In allocation of responsibility, Engelhard should recover nothing, or less than its demands, for equitable reasons, including but not limited to the doctrines of unclean hands, estoppel, waiver, laches, or comparative fault.

7.     Engelhard's claims may be barred in whole or in part by the applicable statutes of limitations.

8.     All or some of the "response costs" claimed by Engelhard are not properly recoverable at law.

9.    Engelhard's recovery, if any, should be diminished under Section 114(b) of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9614(b).

<div style="margin-left: 40%;">

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney
District of Massachusetts

ANTON P. GIEDT
Assistant U.S. Attorney
1 Courthouse Way
Boston, MA  02210
Tel:  (617) 748-3309
Fax: (617) 748-3967
anton.giedt@usdoj.gov

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment & Natural Resources Division

</div>

Dated: October 18, 2005

<div style="margin-left: 40%;">

/s/ Stephen E. Crowley
STEPHEN E. CROWLEY
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C.  20026-3986
Tel: (202) 514-0165
Fax: (202) 514-8865
Stephen.Crowley@usodj.gov

</div>

## CERTIFICATE OF SERVICE

I hereby certify that I have this 18th day of October 2005, served a true and correct copy of the foregoing UNITED STATES' PARTIAL ANSWER on Plaintiff's counsel of record by electronic filing, as follows:

> Ronald L. Kuis, Esq.
> 12 Scenery Road
> Pittsburgh, PA 15221
> rlkuis@aol.com
>
> David P. Rosenblatt
> Paul R. Mastrocola
> Burns & Levinson, LLP
> 125 Summer Street
> Boston, MA  02110
> Drosenblatt@burnslev.com

/s/ Stephen E. Crowley
STEPHEN E. CROWLEY
Attorney for the Defendants