**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                  )
ENGELHARD CORPORATION,      )
                                  )
      Plaintiff,             )
                                  )
      v.                          )        **Civil Action No. 05-11241-JLT**
                                  )
UNITED STATES OF AMERICA, et al.,  )        (*Electronic filing*)
                                  )
      Defendants.   )
_____)

**MEMORANDUM IN SUPPORT OF JOINT
MOTION TO MODIFY CASE SCHEDULE AND DISCOVERY ORDER**

Pursuant to Local Rule 7.1(b), the parties have filed herewith a Joint Motion To Modify Case Schedule and Discovery Order. The Joint Motion seeks to defer the date of the Rule 16(b) Scheduling Conference by 37 days, from March 20, 2006, to April 26, 2006. The Joint Motion also seeks to enlarge the time in which to comply with the Discovery Order, by 42 days, from March 6, 2006, to April 17, 2006. The Court should grant the Joint Motion because it serves judicial efficiency, likely improves judicial decision-making, conserves litigants' resources, improves discovery planning, and allows the federal Defendants a reasonable, additional amount of time to complete their initial discovery obligations. In further support of the relief requested in the Joint Motion, the parties state the following:

**A.    Background**

       1.    This action involves claims arising predominantly under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-75. Plaintiff Engelhard Corporation ("Engelhard") seeks to recover from the United States all or

some of the environmental cleanup costs that Engelhard has allegedly incurred and will incur at a former manufacturing facility located in Plainville, Massachusetts.  Plaintiffs allege liability of the United States and certain federal agencies, stemming from, <u>inter alia</u>, the acts or omissions of the Atomic Energy Commission during the 1950s and 1960s, as well as acts or omissions of the United States Mint dating back to the 1960s.

2. Engelhard's Complaint was filed on June 13, 2005, and it contains six separate causes of action.  On October 18, 2005, the United States moved to dismiss five out of the six causes of action pursuant to Rule 12(b)(6).  Briefing on that motion for partial dismissal was completed on December 1, 2005.

3. Consistent with the requirements of Rule 12 of the Federal Rules of Civil Procedure, the United States also filed a Partial Answer on October 18, 2005.

4. On February 16, 2006, the Court issued a Notice of Scheduling Conference, which requires the parties to prepare for and participate in a Rule 16(b) Scheduling Conference in Boston on March 20, 2006.  The Notice also stated that "<u>Counsel Should Be Prepared to Argue All Pending Motions</u>."

5. Also on February 16, 2006, the Court issued a Discovery Order which requires, <u>inter alia</u>, that the parties, by March 6, 2006, "provide to the other parties a copy of, or a description and location of, all documents, data compilations, and tangible things in their possession, custody, or control of the party that are relevant to the disputed facts alleged with particularity in the pleadings."

**B.      <u>Deferral of Rule 16(b) Conference to April 26, 2006</u>**

6. Engelhard's fourth cause of action is the lone claim left unchallenged by the

United States' motion for partial dismissal.  The United States is currently considering the filing of a second dispositive motion, addressing Engelhard's fourth cause of action.  If this motion were filed, therefore, the United States would then have two motions filed that together seek dismissal of Engelhard's entire Complaint.  Presently, however, preparation, coordination, and approval to file this second Rule 12 motion has not been granted completed.

7.     In order to ensure that only one hearing is held by the Court on two motions which together would address all the claims set forth in the Complaint, the parties seek a deferral of the Rule 16(b) Scheduling Conference, from March 20, 2006, to April 26, 2006.  This deferral of the Scheduling Conference will promote judicial efficiency.  Indeed, if the date of the Conference is <u>not</u> moved to a later date, the Court may well have before it one motion that has been fully briefed, and a second, recently filed motion, that has not been fully briefed.  To ensure that both motions are fully briefed by the parties and considered by the Court and argued at the same time, a deferral of the Scheduling Conference is appropriate.  Relatedly, a single hearing on both Rule 12 motions will reduce the litigation expenses by both parties.

8.     A single argument on the two motions may also advance judicial decision-making.  The motion for partial dismissal that was previously filed and the motion that may be filed by the United States are related in subject matter — they both concern the nature of contribution and cost recovery rights arising under CERCLA.  Thus, a deferral of the Scheduling Conference, to ensure a single hearing on both related motions, will allow the Court a better opportunity to consider and seek input from counsel regarding the relationships between the various CERCLA claims asserted, and the legal challenges to those claims.

9.     The parties request that the Rule 16(b) Scheduling Conference take place on April

26, 2006.  This will afford the undersigned counsel for the United States additional time needed to prepare, coordinate, and obtain approval to file a Rule 12 motion on the fourth cause of action, if any.  Relatedly, by postponing the Scheduling Conference approximately one month, this will ensure that Engelhard will have sufficient time to prepare its opposition brief.  This will also ensure that the Court has sufficient time to review the briefs in advance of the hearing.  Further, undersigned counsel for Engelhard will be out of the country and unavailable between April 1 and April 10, 2006.  Additionally, Assistant United States Attorney Anton P. Giedt, who is assigned to this case on behalf of the United States (along with undersigned counsel), is unavailable during part of the week of April 17, 2006.  Accordingly, the date of April 26, 2006 is the most reasonable and practicable date on which to hold the Rule 16(b) Scheduling Conference.

C.     **Enlargement of Time To Comply With Discovery Order To April 17, 2006**

   10. The parties also seek to modify the Discovery Order issued by the Court on February 16, 2006, to allow additional time to search for and produce relevant documents.  Given the allegations asserted in this case, there is a need to search for documents among the rather voluminous document repositories and files maintained by a number of federal agencies, including repositories and files at the Nuclear Regulatory Commission, the Department of Energy, the United States Mint, and the United States Environmental Protection Agency.  While those agencies have begun their diligent searches for relevant documents, additional time is needed to ensure that the United States' initial production of documents, as called for under the Discovery Order, is reasonably complete and accurate when it is made.  Additional time is also warranted, to enable agency attorneys and Department of Justice attorneys to review the

documents for privilege.  Further, to improve the planning of the course of discovery for this case, it is appropriate for both parties to have a reasonable understanding of the nature of the documents that are produced by each side following their searches.  Thus, an enlargement of the initial document production date of March 6, 2006, is warranted.

11. The parties request that the date for compliance with the Discovery Order be enlarged, from March 6, 2006, to April 17, 2006.  Given the factors identified above, particularly the voluminous nature of the document repositories, the number of agencies involved, and the historical periods at issue (i.e., 1950s and 1960s), the extension is both reasonable and necessary.

**D.    Conclusion**

For the foregoing reasons, the Court should grant the parties' Joint Motion.  A proposed order is attached to the Joint Motion.

Respectfully submitted,

**FOR THE UNITED STATES:**

MICHAEL J. SULLIVAN
United States Attorney
District of Massachusetts

ANTON P. GIEDT
Assistant U.S. Attorney
1 Courthouse Way
Boston, MA  02210
Tel:  (617) 748-3309
Fax: (617) 748-3967
anton.giedt@usdoj.gov

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

Dated: March 3, 2006                    /s/ Stephen E. Crowley

STEPHEN E. CROWLEY
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C.  20026-3986
Tel: (202) 514-0165
Fax: (202) 514-8865
Stephen.Crowley@usdoj.gov

**FOR ENGELHARD CORPORATION:**

Dated: March 3, 2006    /s/ Ronald L. Kuis (by S.E.C., with permission)
12 Scenery Road
Pittsburgh, PA 15221
rlkuis@aol.com

David P. Rosenblatt
Paul R. Mastrocola
Burns & Levinson, LLP
125 Summer Street
Boston, MA  02110
Drosenblatt@burnslev.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this 3rd day of March 2006, I served a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF JOINT MOTION TO MODIFY CASE SCHEDULE AND DISCOVERY ORDER on Plaintiff's counsel of record by electronic filing, as follows:

      Ronald L. Kuis, Esq.
      12 Scenery Road
      Pittsburgh, PA 15221
      rlkuis@aol.com

      David P. Rosenblatt
      Paul R. Mastrocola
      Burns & Levinson, LLP
      125 Summer Street
      Boston, MA  02110
      Drosenblatt@burnslev.com

      /s/ Stephen E. Crowley
      STEPHEN E. CROWLEY
      Attorney for the Defendants