UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENGELHARD CORPORATION, )<br>)<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, et. al. )<br>)<br>    Defendants. )<br>) | Civil Action No.: 05 11241 JLT<br><br>*(Electronic filing)* |

## ENGELHARD CORPORATION'S MOTION FOR DECLARATORY AND SUMMARY JUDGMENT

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, Plaintiff Engelhard Corporation ("Englehard") hereby respectfully moves the Court for declaratory and summary judgment on the issues set forth in this Court's Order of May 9, 2006 (the "Order").

The Order directs the parties to examine two issues related to Engelhard's Complaint and the Fourth Cause of Action. The First Issue: Whether the Administrative Order referred to in Paragraphs 80-82 of the Complaint is an "administrative settlement" within the meaning of Section 113(f)(3)(B) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9613(f)(3)(B). And the Second Issue: Whether the statute of limitations found at CERCLA Section 113(g)(3), 42 U.S.C. § 9613(g)(3), controls Engelhard's contribution claims in its Fourth Cause of Action under Section 113(f)(3)(B).

As explained more fully in the Memorandum in Support of Engelhard Corporation's Motion for Declaratory and Summary Judgment, CERCLA provides no restrictions or limitations on the types of "administrative settlements" that fall within the meaning of Section 113(f)(3)(B). Accordingly, with respect to the First Issue: the Administrative Order between Engelhard and the EPA falls within the meaning of Section 113(f)(3)(B) because "some or all" aspects of a

"response" action for environmental cleanups under CERCLA are found within the actions contemplated by the Administrative Order.

With respect to the Second Issue, the statute of limitation found at Section 113(g)(3) unambiguously specifies narrowly defined circumstances and triggering events for the imposition of a three-year limitation period. None of the circumstances or triggering events mentioned in Section 113(g)(3) has occurred at the Plainville facility. Hence, the three-year limitation period of Section 113(g)(3) does not apply to Engelhard's CERCLA claims under its Fourth Cause of Action against the United States.

According, pursuant to Rule 56(a) the Court may issue a declaratory and summary judgment on the issues identified in the Court Order of May 9, 2006. A proposed order is attached to Engelhard Memorandum In Support.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Engelhard respectfully requests the opportunity for oral argument before the Court.

FILED ON BEHLAF OF THE PLAINTIFF
ENGELHARD CORPORATION
By its attorneys

/s/ Paul R. Mastrocola
David P. Rosenblatt, Esquire (BBO # 428570)
Paul R. Mastrocola, Esquire (BBO #630664)
Burns & Levinson LLP
125 Summer Street
Boston, Massachusetts 02110
Telephone: 617.345-3000
Facsimile: 617.345.3299
Email: drosenblatt@burnslev.com
Email: pmastrocola@burnslev.com

Dated: August 4, 2006

        /s/ Ronald L. Kuis
Ronald L. Kuis, Esq.
12 Scenery Road
Pittsburgh, PA  15221
Telephone: (412) 731-7246
Fax: (412) 731-3970
Email:  rlkuis@aol.com

Dated:  August 4, 2006      Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this 4th day of August 2006, served a true and correct

coy of the foregoing,

    ENGELHARD CORPORATION'S MOTION FOR DECLARATORY AND SUMMARY JUDGMENT

on Defendant's counsel of record by electronic filing, as follows:

    Stephen E. Crowley, Esquire
    U.S. Department of Justice
    Environmental Defense Section
    P. O. Box 23986
    Washington, DC  20026-3986
    Tele: (202) 514-0165
    Fax: (202) 514-8865
    Stephen.Crowley@aol.gov

By:    /s/ Paul R. Mastrocola
      Paul R. Mastrocola
      Attorney for Plaintiff
      Engelhard Corporation

J:\Docs\27429\00000\01041355.DOC