# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____ )
                               )
Engelhard Corporation,           )
                               )
           Plaintiff,           )
                               )    **Civil Action No. 05-11241-JLT**
           v                )     (*Electronic filing*)
                               )
United States of America, <u>et al.</u>,    )
                               )
           Defendants.       )
_____ )

## AFFIDAVIT OF RONALD L. KUIS

Respectfully submitted,

David P. Rosenblatt, Esquire
Paul R. Mastrocola, Esquire
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
(617) 345-3000
<u>drosenblatt@burnslev.com</u>
<u>pmastrocola@burnslev.com</u>

Ronald L. Kuis, Esquire
12 Scenery Road
Pittsburgh, PA 15221
(412) 731-7246
<u>rlkuis@aol.com</u>

Attorneys for Plaintiff,
Engelhard Corporation

September 29, 2006

# AFFIDAVIT OF RONALD L. KUIS

Pursuant of Local Rule 7.1(B)(2), this is the affidavit of RONALD L. KUIS.

1.    My name is Ronald L. Kuis and I am an attorney representing Plaintiff Engelhard Corporation ("Engelhard") in this action.  As such, I am familiar with the facts, pleadings, and prior proceedings in this action.

2.    I am aware that Engelhard entered into a series of tolling agreements with the United States of America prior to filing a Complaint in this matter.

3.    I am aware that these tolling agreements stayed the statute of limitations for CERCLA claims raised by Engelhard against the United States, including CERCLA claims arising under Engelhard's Fourth Cause of Action.

4.    The first tolling agreement between Engelhard and the United States was entered into as of April 26, 2002, and expired on April 26, 2003.  A true and accurate copy of this tolling agreement is attached hereto as Exhibit A.

5.    The second tolling agreement between Engelhard and the United States was entered into on April 28, 2003, and expired on October 28, 2003.  A true and accurate copy of this tolling agreement is attached hereto as Exhibit B.

6.    The third tolling agreement was entered into October 29, 2003, and expired on April 30, 2004.  A true and accurate copy of this tolling agreement is attached hereto as Exhibit C.

7.    The fourth tolling agreement effective May 1, 2004, and expired on or about February 13, 2005.  A true and accurate copy of this tolling agreement is attached hereto as Exhibit D.

8.    I am aware that CERCLA Section 113(f)(3)(B) provides a right of contribution to remediating parties who have resolved their liability to either the United States or a

State for "some or all of a response action," in either a judicial or administrative forum.

9.    I am aware that the administrative settlement between Engelhard and the Environmental Protection Agency requires Engelhard to undertake environmental investigation and remediation activities that fall within the definition of a "response action," as the term "response" action, is defined under Section 101(25) of CERCLA. 42 U.S.C. § 9601(25).

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 29TH DAY OF SEPTEMBER, 2006.

/s/ Ronald L. Kuis
Affiant

## CERTIFICATE OF SERVICE

I hereby certify that I have this 29th day of September 2006, served a true and correct copy of the foregoing, AFFIDAVIT OF RONALD L. KUIS, on Defendant's counsel of record by electronic filing, as follows:

> Stephen E. Crowley, Esquire
> U.S. Department of Justice
> Environmental Defense Section
> P. O. Box 23986
> Washington, DC 20026-3986
> Tele: (202) 514-0165
> Fax: (202) 514-8865
> Stephen.Crowley@usdoj.gov

> /s/ Paul R. Mastrocola
> Paul R. Mastrocola
> Attorney for the Plaintiff,
> Engelhard Corporation

J:\Docs\27429\00000\01060164.DOC

**EXHIBIT A**

## TOLLING AGREEMENT

THIS AGREEMENT is made and is effective as of April 26, 2002, by and between the United States of America (the "United States") and Engelhard Corporation ("Engelhard") (collectively "the Parties").

WHEREAS, Engelhard contends that it has a cause or causes of action under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* and has submitted a "demand in writing" to the United States, dated August 8, 2001, wherein Engelhard alleged claims against the United States under Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607, 9613, for costs of response, recovery of costs and/or contribution related to environmental response costs that have been or may be incurred in connection with operations at the former D. E. Makepeace Company facility located in Plainville, Massachusetts (the "Site"); for which Engelhard has or may be deemed to have responsibility;

WHEREAS, Engelhard states that it is the successor-in-interest to the D. E. Makepeace Company, and that it assumed the liabilities regarding costs for environmental cleanup of the Site as described in the August 8, 2001, demand and claim letter; and

WHEREAS, the Parties to this Tolling Agreement wish to establish a period of time within which to engage in a dialogue designed to forestall any immediate litigation and to attempt to resolve the above-described dispute in anticipation of possible litigation, but without filing or otherwise initiating litigation or a legal action.

THEREFORE, in consideration of the covenants contained herein and the mutual benefits to be derived therefrom, and intending to be legally bound, the Parties hereby agree as follows:

1.    The Parties agree that the time between the effective date of this Tolling Agreement (April    , 2002) and the 365th day after the effective date of this Tolling Agreement (April    , 2003), inclusive, ("the Tolling Period") will not be included in calculating any statute of limitations that might be applicable to the CERCLA claims.  The United States agrees not to assert, plead or raise any defense or avoidance based on the running of any statute of limitations that may apply during the Tolling Period, or any defense or avoidance based on laches or other principles concerning the timeliness of commencing a civil action with respect to the CERCLA claims, based on the failure of Engelhard to file a complaint any time during the Tolling Period.

2.    This Tolling Agreement does not constitute any admission of any issue of fact or law on the part of the United States; nor does it constitute any admission or acknowledgment on the part of Engelhard that any statute of limitations has run or that any statute of limitations is applicable to the CERCLA claims.

3.    The United States reserves the right to assert, plead, or otherwise raise any defense based on the running of any applicable statute of limitations prior to the Tolling Period, or any defense based on laches or other principles concerning the timeliness of commencing a civil action that is based on the failure of Engelhard

- 2 -

to file a complaint any time prior to the Tolling Period.

4.    Engelhard agrees not to file suit with respect to the CERCLA claims prior to the end of the Tolling Period, without first providing written notice to the United States thirty calendar days in advance of filing suit.

5.    The United States may withdraw from this Agreement after giving Engelhard written notice of thirty calendar days. After the United States gives notice via certified mail of its intention to withdraw from this Agreement, the Tolling Period shall end on the thirtieth day following the date of receipt of such notice, and the requirements of Paragraph 4 shall no longer be applicable. Any applicable CERCLA statute of limitations shall recommence running on the thirty-first day following the date of receipt of such notice.

6.    This Tolling Agreement contains the entire agreement between the Parties regarding the timing of any litigation with respect to the CERCLA claims and its effect on potential defenses of the United States, and no statement, promise or inducement made by any Party to this Agreement shall be valid or binding. This Tolling Agreement may not be enlarged, modified or altered except in writing signed by the Parties and endorsed herein.

7.    Nothing contained in this Agreement shall be construed to limit the authority of the United States to undertake any action pursuant to applicable law or regulation. This Agreement in no way affects or relieves any Party of its responsibility to comply with any federal, state, or local law or regulation. Except as specifically provided, nothing in this Agreement alters the rights and/or liabilities

- 3 -

of the Parties with respect to any potential litigation.

The undersigned representative of each Party certifies that he or she is fully

authorized to enter into the terms and conditions of this Agreement and to legally

bind such Party to this document.


For the UNITED STATES OF AMERICA

Date: 4 - 26 - 02          By: *Laurel A. Bedig*
                           Laurel A. Bedig
                           Attorney
                           U. S. Department of Justice
                           Environment & Natural Resources
                           Division
                           Environment Defense Section


For ENGELHARD CORPORATION

Date: 4-25-02              By: *Scott W. Clearwater*
                           Scott W. Clearwater, Esq.
                           Director, Environment Health &
                           Safety
                           ENGELHARD CORPORATION


- 4 -

# **EXHIBIT B**

# **TOLLING AGREEMENT**

THIS AGREEMENT is made and is effective as of April 28, 2003, by and between the United States of America (the "United States") and Engelhard Corporation ("Engelhard") (collectively "the Parties").

WHEREAS, Engelhard contends that it has a cause or causes of action under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* and has submitted a demand to the United States, dated August 8, 2001, wherein Engelhard alleged claims against the United States under Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607, 9613, for costs of response, recovery of costs and/or contribution related to environmental response costs that have been or may be incurred in connection with operations at the former D. E. Makepeace Company facility located in Plainville, Massachusetts (the "Site"); for which Engelhard has or may be deemed to have responsibility;

WHEREAS, Engelhard states that it is the successor-in-interest to the D. E. Makepeace Company, and that it assumed the liabilities regarding costs for environmental cleanup of the Site as described in the August 8, 2001, demand and claim letter; and

WHEREAS, the Parties to this Tolling Agreement wish to establish a period of time within which to engage in a dialogue designed to forestall any immediate litigation and to attempt to resolve the above-described dispute in anticipation of possible litigation, but without filing or otherwise initiating litigation or a legal action.

THEREFORE, in consideration of the covenants contained herein and the mutual

benefits to be derived therefrom, and intending to be legally bound, the Parties hereby agree as follows:

1. The Parties agree that the time between the effective date of this Tolling Agreement, April 28, 2003, and the 183rd day after the effective date of this Tolling Agreement, October 28, 2003, inclusive, ("the Tolling Period") will not be included in calculating any statute of limitations that might be applicable to the CERCLA claims. The United States agrees not to assert, plead or raise any defense or avoidance based on the running of any statute of limitations that may apply during the Tolling Period, or any defense or avoidance based on laches or other principles concerning the timeliness of commencing a civil action with respect to the CERCLA claims, based on the failure of Engelhard to file a complaint any time during the Tolling Period.

2. This Tolling Agreement does not constitute any admission of any issue of fact or law on the part of the United States; nor does it constitute any admission or acknowledgment on the part of Engelhard that any statute of limitations has run or that any statute of limitations is applicable to the CERCLA claims.

3. The United States reserves the right to assert, plead, or otherwise raise any defense based on the running of any applicable statute of limitations prior to the Tolling Period, or any defense based on laches or other principles concerning the timeliness of commencing a civil action that is based on the failure of Engelhard to file a complaint any time prior to the Tolling Period.

4. Engelhard agrees not to file suit with respect to the CERCLA claims prior to the end of the Tolling Period, without first providing written notice to the United States thirty

calendar days in advance of filing suit.

5.    The United States may withdraw from this Agreement after giving Engelhard written notice of thirty calendar days. After the United States gives notice via certified mail of its intention to withdraw from this Agreement, the Tolling Period shall end on the thirtieth day following the date of receipt of such notice, and the requirements of Paragraph 4 shall no longer be applicable. Any applicable CERCLA statute of limitations shall recommence running on the thirty-first day following the date of receipt of such notice.

6.    This Tolling Agreement contains the entire agreement between the Parties regarding the timing of any litigation with respect to the CERCLA claims and its effect on potential defenses of the United States, and no statement, promise or inducement made by any Party to this Agreement shall be valid or binding. This Tolling Agreement may not be enlarged, modified or altered except in writing signed by the Parties and endorsed herein.

7.    Nothing contained in this Agreement shall be construed to limit the authority of the United States to undertake any action pursuant to applicable law or regulation. This Agreement in no way affects or relieves any Party of its responsibility to comply with any federal, state, or local law or regulation. Except as specifically provided, nothing in this Agreement alters the rights and/or liabilities of the Parties with respect to any potential litigation.

The undersigned representative of each Party certifies that he or she is fully authorized to enter into the terms and conditions of this Agreement and to legally bind such Party to this document.

For the UNITED STATES OF AMERICA

Date: 4/25/03                          By: _Laurel A. Bedig_

Laurel A. Bedig
Attorney
U. S. Department of Justice
Environment & Natural Resources Division
Environment Defense Section


For ENGELHARD CORPORATION

Date: 4/24/03                          By: _Scott W. Clearwater_

Scott W. Clearwater, Esq.
Director, Environment Health & Safety
ENGELHARD CORPORATION

**EXHIBIT C**

## EXTENSION OF TOLLING AGREEMENT

THIS AGREEMENT is made and is effective as of October 29, 2003, by and between the United States of America (the "United States") and Engelhard Corporation ("Engelhard") (collectively "the Parties").

WHEREAS, Engelhard contends that it has a cause or causes of action under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* and has submitted a demand to the United States, dated August 8, 2001, wherein Engelhard alleged claims against the United States under Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607, 9613, for costs of response, recovery of costs and/or contribution related to environmental response costs that have been or may be incurred in connection with operations at the former D. E. Makepeace Company facility located in Plainville, Massachusetts (the "Site"); for which Engelhard has or may be deemed to have responsibility;

WHEREAS, Engelhard states that it is the successor-in-interest to the D. E. Makepeace Company, and that it assumed the liabilities regarding costs for environmental cleanup of the Site as described in the August 8, 2001, demand and claim letter; and

WHEREAS, the Parties to this Tolling Agreement wish to extend the period of time from the previous Tolling Agreement effective as of April 28, 2003, and expiring on October 29, 2003, within which to engage in a dialogue designed to forestall any immediate litigation and to attempt to resolve the above-described dispute in anticipation of possible litigation, but without filing or otherwise initiating litigation or a legal action.

THEREFORE, in consideration of the covenants contained herein and the mutual benefits to be derived therefrom, and intending to be legally bound, the Parties hereby agree as follows:

1.     The Parties agree that the time between the effective date of this Tolling

Agreement, October 29, 2003, and the 184th day after the effective date of this Tolling

Agreement, April 30, 2004, inclusive, ("the Tolling Period") will not be included in calculating

any statute of limitations that might be applicable to the CERCLA claims.  The United States

agrees not to assert, plead or raise any defense or avoidance based on the running of any statute

of limitations that may apply during the Tolling Period, or any defense or avoidance based on

laches or other principles concerning the timeliness of commencing a civil action with respect to

the CERCLA claims, based on the failure of Engelhard to file a complaint any time during the

Tolling Period.

2.     This Tolling Agreement does not constitute any admission of any issue of fact or

law on the part of the United States; nor does it constitute any admission or acknowledgment on

the part of Engelhard that any statute of limitations has run or that any statute of limitations is

applicable to the CERCLA claims.

3.     The United States reserves the right to assert, plead, or otherwise raise any

defense based on the running of any applicable statute of limitations prior to the Tolling Period,

or any defense based on laches or other principles concerning the timeliness of commencing a

civil action that is based on the failure of Engelhard to file a complaint any time prior to the

Tolling Period.

4.     Engelhard agrees not to file suit with respect to the CERCLA claims prior to the

end of the Tolling Period, without first providing written notice to the United States thirty

calendar days in advance of filing suit.

5.     The United States may withdraw from this Agreement after giving Engelhard

written notice of thirty calendar days. After the United States gives notice via certified mail of its intention to withdraw from this Agreement, the Tolling Period shall end on the thirtieth day following the date of receipt of such notice, and the requirements of Paragraph 4 shall no longer be applicable. Any applicable CERCLA statute of limitations shall recommence running on the thirty-first day following the date of receipt of such notice.

6.      This Tolling Agreement contains the entire agreement between the Parties regarding the timing of any litigation with respect to the CERCLA claims and its effect on potential defenses of the United States, and no statement, promise or inducement made by any Party to this Agreement shall be valid or binding. This Tolling Agreement may not be enlarged, modified or altered except in writing signed by the Parties and endorsed herein.

7.      Nothing contained in this Agreement shall be construed to limit the authority of the United States to undertake any action pursuant to applicable law or regulation. This Agreement in no way affects or relieves any Party of its responsibility to comply with any federal, state, or local law or regulation. Except as specifically provided, nothing in this Agreement alters the rights and/or liabilities of the Parties with respect to any potential litigation. The undersigned representative of each Party certifies that he or she is fully authorized to enter into the terms and conditions of this Agreement and to legally bind such Party to this document.

For the UNITED STATES OF AMERICA

Date: _10/27/03_                  By: _Laurel A Bedig_

                                 Laurel A. Bedig
                                 Attorney
                                 U. S. Department of Justice
                                 Environment & Natural Resources Division
                                 Environment Defense Section

For ENGELHARD CORPORATION

Date: __10/24/05__

By _(signature)_
Scott W. Clearwater, Esq.
Director, Environment Health & Safety
ENGELHARD CORPORATION

4

**EXHIBIT D**

## SECOND EXTENSION OF TOLLING AGREEMENT

THIS AGREEMENT is made and is effective as of April 13, 2004, by and between the United States of America (the "United States") and Engelhard Corporation ("Engelhard") (collectively "the Parties").

WHEREAS, Engelhard contends that it has a cause or causes of action under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* and has submitted a demand to the United States, dated August 8, 2001, wherein Engelhard alleged claims against the United States under Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607, 9613, for costs of response, recovery of costs and/or contribution related to environmental response costs that have been or may be incurred in connection with operations at the former D. E. Makepeace Company facility located in Plainville, Massachusetts (the "Site"); for which Engelhard has or may be deemed to have responsibility;

WHEREAS, Engelhard states that it is the successor-in-interest to the D. E. Makepeace Company, and that it assumed the liabilities regarding costs for environmental cleanup of the Site as described in the August 8, 2001, demand and claim letter; and

WHEREAS, the Parties to this Tolling Agreement wish to extend the period of time from the previous Tolling Agreement effective as of October 29, 2003, and expiring on April 30, 2004, within which to engage in a dialogue designed to forestall any immediate litigation and to attempt to resolve the above-described dispute in anticipation of possible litigation, but without filing or otherwise initiating litigation or a legal action.

THEREFORE, in consideration of the covenants contained herein and the mutual benefits to be derived therefrom, and intending to be legally bound, the Parties hereby agree as

follows:

1.      The Parties agree that the time between the effective date of this Tolling

Agreement, May 1, 2004, and the sixtieth day after the Supreme Court issues its decision in

Cooper Industries v. Aviall Services, inclusive, ("the Tolling Period") will not be included in

calculating any statute of limitations that might be applicable to the CERCLA claims.  The

United States agrees not to assert, plead or raise any defense or avoidance based on the running

of any statute of limitations that may apply during the Tolling Period, or any defense or

avoidance based on laches or other principles concerning the timeliness of commencing a civil

action with respect to the CERCLA claims, based on the failure of Engelhard to file a complaint

any time during the Tolling Period.

2.      This Tolling Agreement does not constitute any admission of any issue of fact or

law on the part of the United States; nor does it constitute any admission or acknowledgment on

the part of Engelhard that any statute of limitations has run or that any statute of limitations is

applicable to the CERCLA claims.

3.      The United States reserves the right to assert, plead, or otherwise raise any

defense based on the running of any applicable statute of limitations prior to the Tolling Period,

or any defense based on laches or other principles concerning the timeliness of commencing a

civil action that is based on the failure of Engelhard to file a complaint any time prior to the

Tolling Period.

4.      Engelhard agrees not to file suit with respect to the CERCLA claims prior to the

end of the Tolling Period, without first providing written notice to the United States thirty

calendar days in advance of filing suit.

5.    The United States may withdraw from this Agreement after giving Engelhard written notice of thirty calendar days.  After the United States gives notice via certified mail of its intention to withdraw from this Agreement, the Tolling Period shall end on the thirtieth day following the date of receipt of such notice, and the requirements of Paragraph 4 shall no longer be applicable.  Any applicable CERCLA statute of limitations shall recommence running on the thirty-first day following the date of receipt of such notice.

6.    This Tolling Agreement contains the entire agreement between the Parties regarding the timing of any litigation with respect to the CERCLA claims and its effect on potential defenses of the United States, and no statement, promise or inducement made by any Party to this Agreement shall be valid or binding.  This Tolling Agreement may not be enlarged, modified or altered except in writing signed by the Parties and endorsed herein.

7.    Nothing contained in this Agreement shall be construed to limit the authority of the United States to undertake any action pursuant to applicable law or regulation.  This Agreement in no way affects or relieves any Party of its responsibility to comply with any federal, state, or local law or regulation.  Except as specifically provided, nothing in this Agreement alters the rights and/or liabilities of the Parties with respect to any potential litigation. The undersigned representative of each Party certifies that he or she is fully authorized to enter into the terms and conditions of this Agreement and to legally bind such Party to this document.

For the UNITED STATES OF AMERICA

Date:  4/13/04

By: *Laurel A Bedig*
Laurel A. Bedig
Attorney
U. S. Department of Justice
Environment & Natural Resources Division
Environment Defense Section

For ENGELHARD CORPORATION

Date: ___4/5/04___

By: _____
Scott W. Clearwater, Esq.
Director, Environment Health & Safety
ENGELHARD CORPORATION