# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____ )
                               )
Engelhard Corporation,            )
                               )
           Plaintiff,         )
                               )     **Civil Action No. 05-11241-JLT**
           v                )     (_Electronic filing_)
                               )
United States of America, <u>et al.</u>,   )
                               )
           Defendants.     )
_____ )

## PLAINTIFF'S REPLY TO THE UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY AND SUMMARY JUDGMENT ON THE FOURTH CAUSE OF ACTION

David P. Rosenblatt, Esquire
Paul R. Mastrocola, Esquire
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
(617) 345-3000
drosenblatt@burnslev.com
pmastrocola@burnslev.com

Ronald L. Kuis, Esquire
12 Scenery Road
Pittsburgh, PA 15221
(412) 731-7246
rlkuis@aol.com

Attorneys for Plaintiff,
Engelhard Corporation

October 13, 2006

## I.    INTRODUCTION

This case involves a suit by Plaintiff Engelhard Corporation ("Engelhard") against the United States of America, its departments and agencies, seeking contribution and cost recovery for environmental response costs under CERCLA, injunctive relief under the citizen suit provisions of Section 7002 of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972, and declaratory relief pursuant to both CERCLA, 42 U.S.C § 9613(g)(2), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  These claims arise at Engelhard's former manufacturing facility located in Plainville, Massachusetts.

Presently before the Court is Engelhard's Motion for Declaratory and Summary Judgment on Plaintiff's Fourth Cause of Action.  See Docket Nos. 26 & 27 (filed August 4, 2006).  Engelhard's Fourth Cause of Action is a claim for contribution from the United States under Section 113(f)(3)(B) of CERCLA.  Section 113(f)(3)(B) provides that a potentially responsible party "who has resolved its liability to the United States or a State for some or all of a response action or some or all of the costs of such action in an administrative or judicially approved settlement" may seek contribution from another potentially responsible party.  42 U.S.C. § 9613(f)(3)(B).  Engelhard seeks summary judgment that the September 9, 1993 Administrative Order on Consent (the "Settlement Agreement," Exhibit 1) entered into between Engelhard and U.S. Environmental Protection Agency Region I constitutes an "administrative settlement" that satisfies the requirements of Section 113(f)(3)(B).  Furthermore, Engelhard seeks a declaratory judgment that the three-year statute of limitations set forth in Section 113(g)(3) of CERCLA, 42 U.S.C. § 9613(g)(3), does not apply to Engelhard's Fourth Cause of Action.

The United States opposes Engelhard's Motion on the basis of a flawed reading of CERCLA and an improper interpretation of the Settlement Agreement.

## II.    ARGUMENT

### A.    ENGELHARD HAS RESOLVED ITS LIABILITY TO THE UNITED STATES FOR SOME OR ALL OF THE RESPONSE ACTIONS AT THE PLAINVILLE FACILITY

Section 113(f)(3)(B) provides a right of contribution to remediating parties who have resolved their liability to either the United States or a State for some or all of a response action, in either a judicial or administrative forum.  Engelhard contends that it has, in fact, completed "response actions" at the Plainville facility under its Settlement Agreement with the EPA, and therefore has fulfilled the requirements of Section 113(f)(3)(B).  The United States' argument in opposition rests on the proposition that administrative settlements with the United States under Section 113(f)(3)(B) must adhere to procedural requirements that are totally absent from either the statute or regulation.  Section 113(f)(3)(B) states:

> **A person who has resolved its liability to the United States** or a State **for some or all of a response action** or for some or all of the costs of such action in **an administrative or judicially approved settlement may seek contribution** from any person who is not party to a [similar settlement].  (emphasis added).

The statute creates a right of contribution that is expressly triggered by the amicable resolution of responsibility for "some or all of a response action."  CERCLA provides no specific guidance on the form or content of the "approved settlement" agreement under Section 113(f)(3)(B).  Furthermore, no definition found in CERCLA provides guidance on Section 113(f)(3)(B) other than the definition of a "response" action found in Section 101(25). 42 U.S.C. § 9601(25).  Engelhard contends that it has satisfied the administrative and technical prerequisites of Section 113(f)(3)(B) and therefore enjoys the right of contribution asserted in its Fourth Cause of Action.

The United States argues that certain provisions of the Settlement Agreement between Engelhard and the EPA obviate Engelhard's right of contribution under Section

113(f)(3)(B).  In particular, the United States directs the Court to the reservation of rights found on Pages 108 and 109 of the Settlement Agreement.  Exhibit 1, at 108-09.  These provisions read in pertinent part: "EPA reserves the right … to require further study or action under Section 3008(h) of RCRA, as necessary, to respond to any Releases at the [Plainville] facility, including those addressed in this Consent Order…"  While Engelhard acknowledges the presence of the reservation of rights in the Settlement Agreement, the reservation of rights in no way lessens the fact that Engelhard has resolved responsibility for "some or all of a response action" performed under the Settlement Agreement.  Under EPA's oversight and review, Engelhard has spent in excess of $15 million in the performance of "response actions" at the Plainville facility. Engelhard has conducted the investigation and remediation of the Plainville facility since 1993 under the Settlement Agreement and these activities are continuing.  Since the EPA has not invoked the Settlement Agreement's reservation of rights to redo any of the "response actions" performed by Engelhard, as a practical matter these "response actions" can be deemed to be complete unless they are now challenged by the United States.  No such challenge has been raised in this proceeding.  If the United States believes, either rightly or wrongly, that "response actions" were not undertaken and completed, then this Court must conduct an evidentiary hearing to determine whether "response actions," as defined in Section 113(f)(3)(B), were performed.

Moreover, the reservation of rights contained in the Settlement Agreement between Engelhard and the EPA is not a factor in determining whether Engelhard has satisfied the requirements of Section 113(f)(3)(B).  The EPA has provided the public with a model agreement for settlements under Section 113(f)(3)(B) that includes a reservation of rights similar to that seen in the Settlement Agreement between Engelhard and the United States.  See Revised Model Administrative Order on Consent for Remedial Investigation and Feasibility Studies,

paragraphs 82-84, at http://www.epa.gov/compliance/resources/policies/cleanup/superfund/rev-aoc-rifs-mod-04-mem.pdf. Provisions of the model agreement were subsequently modified after the Supreme Court's decision in Cooper v. Aviall, 543 U.S. 157 (2004), but without affecting or otherwise changing the government's reservation of rights for administrative settlements under CERCLA. See http://epa.gov/compliance/resources/policies/cleanup/superfund/interim-rev-aoc-mod-mem.pdf. In the EPA's model agreement, the mere presence of a reservation of rights does not hinder a party such an Engelhard from complying with Section 113(f)(3)(B).

The United States also argues that Engelhard has not resolved its "liability" to the United States under the Settlement Agreement. This argument is pure sophistry. If Engelhard completes the required "response actions," then clearly Engelhard has resolved its liability to the United States. If Engelhard has not resolved its liability for completed "response actions," does the United States contend that the EPA will step in and redo "response actions" already performed? Obviously, such a result is nonsensical and highlights the strained interpretation of Section 113(f)(3)(B) proposed by the United States.

Furthermore, it is significant that the United States does not contend that Engelhard failed to perform "response actions." Instead, the United States relies on an unreasonable interpretation of Section 113(f)(3)(B). Simply stated, if Engelhard satisfactorily performs the "response action," then Engelhard satisfies the requirements of Section 113(f)(3)(B).

**B.    ENGELHARD'S FOURTH CAUSE OF ACTION IS NOT GOVERNED BY THE STATUTE OF LIMITATIONS FOUND AT SECTION 113(G)(3)(B)**

The United States asks this Court to rule on the statute of limitations applicable to claims asserted by Engelhard under Section 113(f)(3)(B). On this issue, the United States asserts that the three-year CERCLA statute of limitations at Section 113(g)(3)(B), 42 U.S.C. §

9613(g)(3)(B), applies to Engelhard's Fourth Cause of Action and that Engelhard's claim under

Section 113(f)(3)(B) is untimely.  Section 113(g)(3) reads:

> (3)    Contribution
> No action for contribution for any response costs or
> damages may be commenced more than 3 years after –
> (A) the date of judgment in any action under this chapter
> for recovery of such costs or damages, or
> (B) the date of an administrative order under section
> 9622(g) of this title (relating to de minimis settlement)
> or 9622(h) of this title (relating to cost recovery
> settlements) or entry of a judicially approved
> settlement with respect to such costs or damages.  42
> U.S.C. § 9613(g)(3).

Section 113(g)(3)(B) is specific about the types of CERCLA settlements covered by the three-

year statute of limitations.  Section 113(g)(3)(B) lists three events that trigger the running of the

three-year statute of limitations: (1) the entry of a judicially approved settlement; (2) a CERCLA

Section 9622(g) de minimis settlement; or (3) a CERCLA Section 9622(h) cost recovery

settlement.  Despite the specificity of the statute limiting the application of Section 113(g)(3)(B)

to only certain types of CERCLA settlements, the United States contends that the statute of

limitations from Section 113(g)(3)(B) should also apply to administrative settlements under the

Resource Conservation and Recovery Act ("RCRA").  There is no basis for such a conclusion.

As the Supreme Court has said many times "the specific governs the general."

Varity Corp. v. Charles Howe, 516 U.S. 489, 511 (1996) (citations omitted).  The specificity of

Section 113(g)(3)(B) and its distinct enumeration of applicability is a warning against applying

that statutory provision when general provisions for determining the statute of limitations are

available.  In particular, CERCLA's "catchall" statute of limitations found at Section 113(g)(2)

provides the proper vehicle for determining the statute of limitations for cleanups conducted

outside the settlement agreements identified in Section 113(g)(3)(B).  Section 113(g)(2)

provides, in relevant part:

An initial action for recovery of the costs referred to in [CERCLA Section 107] must be commenced –

(A)   for a removal action, within 3 years after completion of the removal action, except that such cost recovery action must be brought within 6 years after a determination to grant a waiver under [CERCLA Section 104(c)(1)(C)] for continued response action; and

(B)   for a remedial action, within 6 years after initiation of physical on-site construction of the remedial action, except that, if the remedial action is initiated within 3 years after the completion of the removal action costs incurred in the removal action may be recovered in the cost recovery action brought under this subparagraph." 42 U.S.C. § 9613(g)(2).

Section 113(g)(2) provides the general framework to determine the triggering event for the running of the statute of limitations for environmental cleanups designated as either a remedial or removal action. Regardless of whether the cleanup is purely voluntary or subject to an administrative agreement, Section 113(g)(2) provides the necessary statutory guidance for determining the statute of limitations. While federal courts have found that a potentially responsible party that settles its liability administratively may bring a contribution action pursuant to Section 113(f)(3)(B), in none of these cases has the court applied the statute of limitation found at Section 113(g)(3)(B) as argued by the United States. See e.g. Sherwin-Williams Co. v. ARTRA Group, Inc., 125 F.Supp.2d 739 (D.Md. 2001) (applying statutes of limitation provided by Section 113(g)(2)); W.R. Grace & Co. v. Zotos Int'l, Inc., No. 98-CV-838S(F), 2000 U.S. Dist. LEXIS 18901 (W.D.N.Y. Nov. 2, 2000) (applying no statute of limitations where none of the triggering events of Section 113(g)(3) were present); Reichold Chems., Inc. v. Textron, Inc., 888 F.Supp. 1116 (N.D. Fla. 1995) (same). In other instances, too, federal courts have held that a right to contribution lies even when CERCLA provides no express period of limitations to govern the action. See e.g. City of Wichita v. Aero Holdings, Inc., 177 F.Supp.2d 1153 (D.Kan. 2000); Advanced Micro Devices, Inc. v. National Semiconductor Corp.,

38 F.Supp.2d 802 (N.D. Cal. 1999); <u>Kaufman & Broad-South Bay v. Unisys Corp.</u>, 868 F.Supp 1212 (N.D. Cal. 1994).

Alternatively, the United States argues that because Section 113(g)(3) is titled "Contribution," any contribution claim under CERCLA must fall within the three-year statute of limitations. Here also, there is no basis for the United States' position. Since the Supreme Court's decision in <u>Cooper</u>, two Circuit Courts have held that CERCLA contribution actions are available under CERCLA Section 107. 42 U.S.C. § 9607. <u>See Atlantic Research Corporation v. United States of America</u>, 2006 U.S. App. LEXIS 20557 (8th Cir. August 11, 2006); <u>Consolidated Edison Co. v. UGI Utilities, Inc.</u>, 423 F.3d 90 (2nd Cir. 2005), *cert. pending,* Supreme Court Docket No. 05-1323.

On October 2, 2006, the Supreme Court invited the Solicitor General to provide the Court with the views of the United States on UGI Utilities' petition for writ of certiorari. As stated by UGI Utilities, the issue before the Supreme Court is:

> Whether persons potentially liable for cleanup costs, who have neither been sued under CERCLA nor resolved their liability to the government, but who have incurred cleanup costs, can recover those costs from other potentially liable parties under § 107(a)(4)(B), thereby avoiding § 113(f)'s limitations on contribution claims. <u>See</u> Supreme Court Docket No. 05-1323.

Since contribution claims have been held by the Second and Eighth Circuits to fall outside the specific triggering events found in Section 113(g)(3), it is nonsensical for the United States to argue that the three-year statute of limitation found in Section 113(g)(3) controls the timeliness of all CERCLA contribution actions. Furthermore, the Supreme Court presently has under review the CERCLA contribution claim asserted in Plaintiff's First Cause of Action. Whether the Supreme Court will accept UGI Utilities' petition for writ of certiorari is uncertain at this time. Nonetheless, the fact that the issue of whether Section 107(a)(4)(B) allows for a

right of contribution is under review by the Supreme Court establishes the tenuous nature of the United States' argument.

### C.    MATERIAL FACTS ARE IGNORED BY THE UNITED STATES

Engelhard's Motion asserts that the pleadings, viewed along with the Settlement Agreement referenced in the Complaint, adequately support the justiciability and timeliness of Engelhard's Fourth Cause of Action.  In opposition, the United States argues that the pleadings, viewed along with the Settlement Agreement, require the court to dismiss Engelhard's Fourth Cause of Action.  An examination of the Settlement Agreement reveals that Engelhard is conducting environmental response activities at the Plainville facility fully consistent with Section 113(f)(3)(B).  Therefore, a justiciable issue does exist under the Fourth Cause of Action. Engelhard's Motion also asks the Court to declare that the statute of limitations at Section 113(g)(3)(B) does not control the timeliness of Engelhard's Fourth Cause of Action.  As discussed herein, the specific requirements of Section 113(g)(3)(B) are not met at the Plainville facility.  However, even if the Court determines that Section 113(g)(3)(B) does control the timeliness of the Fourth Cause of Action, material issues remain in the Court's examination of this issue.  The United States fails to mention to the Court, much less consider, the series of tolling agreements entered into between Engelhard and the United States addressing CERCLA claims raised by Engelhard in its Fourth Cause of Action.  Only a full and complete evidentiary hearing can satisfy this Court regarding the facts and circumstances regarding the timeliness of the Fourth Cause of Action if the Court determines that Section 113(g)(3)(B) controls the running of the statute of limitations.

### III.    <u>CONCLUSION</u>

Notwithstanding Congress' clear intent that the United States should bear its fair share of CERLCA liability, the United States now seeks to avoid the government's CERCLA

liability.  The United States' opposition to Engelhard's Motion is based more on self-interest than on a reasoned assessment of CERCLA and the facts.  This Court should not allow such reasoning to influence the Court's judgment.

Therefore, for the foregoing reasons, the Court should grant Engelhard's Motion for Declaratory and Summary Judgment on Plaintiff's Fourth Cause of Action.

## IV.  REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Engelhard requests oral argument before the Court to present its arguments in support of its Motion for Declaratory and Summary Judgment on the Pleadings on Plaintiff's Fourth Cause of Action.

Dated: October 13, 2006

PLAINTIFF
ENGELHARD CORPORATION
By its attorneys,

/s/ Paul R. Mastrocola
David P. Rosenblatt, Esquire (BBO # 428570)
Paul R. Mastrocola, Esquire (BBO #630664)
Burns & Levinson LLP
125 Summer Street
Boston, Massachusetts 02110
Telephone:  617.345-3000
Facsimile:  617.345-3299
Email: drosenblatt@burnslev.com
Email: pmastrocola@burnslev.com

/s/ Ronald L. Kuis
Ronald L. Kuis, Esq.
12 Scenery Road
Pittsburgh, PA  15221
Telephone: (412) 731-7246
Fax: (412) 731-3970
Email:  rlkuis@aol.com
Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 13th day of October 2006, served a true and correct copy of the foregoing,

PLAINTIFF'S REPLY TO THE UNITED STATES' OPPOSITION TO THE PLAINTIFF'S' MOTION FOR DECLARATORY AND SUMMARY JUDGMENT ON THE FOURTH CAUSE OF ACTION

on Defendant's counsel of record by electronic filing, as follows:

Stephen E. Crowley, Esquire
U.S. Department of Justice
Environmental Defense Section
P. O. Box 23986
Washington, DC 20026-3986
Tele: (202) 514-0165
Fax: (202) 514-8865
Stephen.Crowley@usdoj.gov


/s/ Paul R. Mastrocola
Paul R. Mastrocola
Attorney for the Plaintiff,
Engelhard Corporation

J:\Docs\27429\00000\01064238.DOC