## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

)
BASF CATALYSTS LLC, )
)
Plaintiff, )
)
v. ) **Civil Action No. 05-11241-JLT**
)
UNITED STATES OF AMERICA, et al., ) (*Electronic filing*)
)
Defendants. )
)

## JOINT STATUS REPORT AND MOTION FOR STAY

Plaintiff BASF Catalysts LLC ("BASF" or "Plaintiff") and Defendants the United States of America, et al. ("United States" or "Defendants") hereby jointly file a status report and motion for stay of all proceedings in this case. The parties recently reached an agreement in principle to settle this case. The parties now seek a stay of 60 days, to afford time for the parties to draft a settlement instrument, and obtain review and approval by senior management at BASF, high ranking officials within each of the three federal agencies that are named as defendants in this case, and high ranking officials within the Department of Justice that have actual settlement authority for the United States.

### STATUS REPORT

The parties hereby report on the status of their settlement efforts:

1. This action involves claims arising under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-75, and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901-92k. BASF seeks to recover from the United States environmental cleanup costs that BASF has incurred or will incur

-1-

at its manufacturing facility in Plainville, Massachusetts (the "Facility" or "Site").

2. Late last week, following extensive settlement efforts by both parties during the past several months — including two face-to-face meetings, numerous phone calls, and several written exchanges — the parties reached an agreement in principle to settle the case. Under the agreement in principle, the United States would pay a sum of money to BASF, and BASF would dismiss the Complaint and covenant not to sue the United States for response costs that have been incurred by BASF at the Facility. Further, BASF would covenant not to sue the United States for certain future response costs and future response actions at the Facility, while reserving its rights to assert claims for certain future costs and response actions.

3. The parties have not yet had an opportunity to begin reducing the agreement in principle into a written settlement instrument. The parties have had several written and verbal exchanges that have clarified their intentions and understandings regarding the language that would go into a settlement instrument, however, and expect to begin drafting a settlement instrument shortly.

## MOTION FOR STAY

In support of the relief requested in the parties' joint motion for stay, the parties state the following:

1. The parties have devoted significant resources, energy, and time over the last several weeks to settlement negotiations, and an agreement in principle to settle was achieved late last week. The parties now seek a stay of proceedings for 60 days, to allow time for: (1) the parties to draft a written settlement instrument; (2) review and approval of the proposed settlement by high ranking officials within the three defendant federal agencies, as well as by

-2-

high ranking officials within the Department of Justice that have actual settlement authority; (3) review and approval of the settlement by senior management at BASF; and (4) BASF to ascertain the amount of response costs that it has incurred and will incur during the latter half of calendar year 2007 — costs which the parties intend to resolve under the agreement in principle to settle. A stay is needed to allow each of the foregoing to be undertaken in a focused and timely manner, free of the burden and complication of litigation obligations.

2. Given the nature of the formal approval process that will be undertaken within the Department of Justice for this proposed settlement, a stay of litigation for 60 days is well-justified. By law, the proposed settlement in this case must be formally approved by the Associate Attorney General of the United States. Under this process, following the negotiation of a proposed settlement instrument, the undersigned Department of Justice attorney must draft briefing memoranda to the Associate Attorney General recommending formal approval. The formal Department of Justice approval process begins after the terms of the proposed settlement instrument have been approved by high ranking officials within each of the federal agencies that are named as defendants in this case. Additionally, before the proposed settlement is presented to the Associate Attorney General, the proposed settlement must be reviewed and approved by the Assistant Attorney General for the Environment and Natural Resources Division at the Department of Justice.

3. The Assistant Attorney General oversees a Division of approximately 425 attorneys handling approximately 6,900 active cases. The Associate Attorney General oversees litigation conducted by several litigating divisions of the Department of Justice. Based on government counsel's experience, we anticipate that the review and approval of the proposed

settlement by these two high ranking Department of Justice officials will take several weeks. Further, given the upcoming holiday season, review and approval will likely be slowed to some degree.

4.    In addition, as with the Justice Department, the federal agencies that are named as defendants in this matter also have their own formal approval processes. The concurrence by high-level officials at these agencies in any proposed settlement is through a formal process which documents and evaluates the precise terms of the settlement. This process cannot occur until the precise terms of a proposed settlement have been reduced into writing.

5.    While the approval processes of the Justice Department and other federal agencies may seem cumbersome, it serves the important purpose of ensuring that any final settlement terms are fully briefed to the high level and accountable decision-makers, and that a precise record is made of the actual, finally-approved agreement. This ensures that the government's and the public's best interest is truly served. Thus, we trust that the Court will appreciate that the proposed settlement is not one that can that be fully and finally approved by the government within a time period shorter than 60 days.

6.    Under this motion, all proceedings in this case would be stayed. Thus, the obligation for the United States to file its Answer or other response to BASF's complaint — which is due today, November 26, 2007 — would be stayed for a period of 60 days, or until January 25, 2007. This relief would conserve the Court's and the parties' resources and allow for an orderly resolution of this case.

For the foregoing reasons, the Court should approve this motion and stay all proceedings in this case until January 25, 2007.

SO ORDERED, this $\underline{29^{\text{th}}}$ day of November 2007.

The Honorable Joseph L. Tauro
UNITED STATES DISTRICT JUDGE

No further extension to be granted.

Respectfully submitted,

**FOR THE UNITED STATES:**

RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division

Dated: November 26, 2007

/s/ Stephen E. Crowley
STEPHEN E. CROWLEY
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Tel: (202) 514-0165
Stephen.Crowley@usdoj.gov

MICHAEL J. SULLIVAN
United States Attorney
District of Massachusetts

ANTON P. GIEDT
Assistant U.S. Attorney
1 Courthouse Way
Boston, MA 02210
Tel: (617) 748-3309
Fax: (617) 748-3967
anton.giedt@usdoj.gov

*Attorneys for the United States*

-5-

**FOR PLAINTIFF BASF CATALYSTS LLC:**

Dated: November 26, 2007

/s/ Paul R. Mastrocola
Paul R. Mastrocola
David P. Rosenblatt
Burns & Levinson
125 Summer Street
Boston, MA 02110
pmastrocola@burnslev.com
drosenblatt@burnslev.com

Ronald L. Kuis, Esq.
12 Scenery Road
Pittsburgh, PA 15221
rlkuis@aol.com
(412) 731-7246

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November 2007, a true and accurate copy of the foregoing "Joint Status Report And Motion For Stay" was filed electronically with the Court's CM/ECF system, which automatically notifies the below counsel of record of the filing, via e-mail, as follows:

Ronald L. Kuis, Esq.
rlkuis@aol.com

Paul R. Mastrocola
David P. Rosenblatt
pmastrocola@burnslev.com
drosenblatt@burnslev.com

/s/ Stephen E. Crowley
Attorney for the Defendants