## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

BASF CATALYSTS LLC,                    )
                                       )
                Plaintiff,             )
                                       )
        v.                             )        **Civil Action No. 05-11241-JLT**
                                       )
UNITED STATES OF AMERICA, et al.,      )        (*Electronic filing*)
                                       )
                Defendants.            )
                                       )
_____)

### UNITED STATES' ANSWER

Defendants United States of America, United States Department of Defense, Robert M. Gates, in his official capacity as Secretary of Defense, United States Mint, Edmund C. Moy, in his official capacity as Director of the United States Mint, United States Nuclear Regulatory Commission, and Dale E. Klein, in his official capacity as Chairman of the United States Nuclear Regulatory Commission (collectively "United States" or "Defendants")[1] by and through undersigned counsel, hereby assert their defenses and responses to the allegations in the Complaint, as follows:

1.      With respect to the allegations contained in Paragraph 1 of the Complaint, the United States admits that the former Engelhard Corporation facility is located at State Route 152,

_____

[1] Pursuant to Federal Rule of Civil Procedure 25(d):  (1) Robert M. Gates, in his official capacity as the Secretary of the Department of Defense, is substituted for Donald S. Rumsfeld as a party to this case; (2) Edmund C. Moy, in his official capacity as Director of the United States Mint, is substituted for Henrietta Holsman Fore as a party to this action; and (3) Dale E. Klein, in his official capacity as Chairman of the United States Nuclear Regulatory Commission, is substituted for Nils J. Diaz as a party to this case.

in Plainville, Massachusetts.  The remaining allegations contained in Paragraph 1 of the

Complaint are either conclusions of law to which no response is required, or characterizations of

the claims set forth in the Complaint, which claims speak for themselves and are the best

evidence of their contents.  Therefore, no response is required.  To the extent a response is

required with respect to the remaining allegations contained in Paragraph 1 of the Complaint, the

United States is without knowledge or information sufficient to form a belief as to the truth of

those allegations, and on that basis denies those allegations.

2.     The United States denies the allegations in Paragraph 2 of the Complaint.  BASF

Catalysts, LLC, subsequent to the filing of the Complaint, was substituted for Engelhard

Corporation as the Plaintiff in this matter.  Upon information and belief, BASF Catalysts, LLC is

a Delaware corporation with its principal offices at 101 Wood Avenue, Iselin, New Jersey,

08830.

3.     The allegations in the first sentence of Paragraph 3 of the Complaint refer to or

characterize contracts, which documents speak for themselves and are the best evidence of their

contents.  Therefore, no further response is required.  The United States is without sufficient

knowledge or information at this time to form a belief as to the truth of the allegations in the

second sentence of Paragraph 3 of the Complaint as stated, and on that basis denies the

allegations.

4.     The United States admits that the U.S. Department of Defense is a department of

the United States government and denies the remainder of Paragraph 4 of the Complaint as

stated.

5.     The United States denies the allegations contained in Paragraph 5 of the

- 2 -

Complaint.

6.     The United States admits that the United States Mint is an agency of the United States government and denies the remainder of Paragraph 6 of the Complaint as stated.

7.     The United States denies the allegations in Paragraph 7 of the Complaint.

8.     The United States admits that the United States Nuclear Regulatory Comission is an agency of the United States government and denies the remainder of Paragraph 8 of the Complaint as stated.

9.     The United States denies the allegations in Paragraph 9 of the Complaint.

10.     The allegations in Paragraph 10 characterize the claims for relief contained in the Complaint, which document speaks for itself and is the best evidence of its contents.  Therefore, no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies the allegations.

11.     The allegations in Paragraph 11 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States denies the allegations contained in Paragraph 11 of the Complaint.

12.     The allegations in Paragraph 12 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States denies the allegations contained in Paragraph 12 of the Complaint.

13.     The allegations in Paragraph 13 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States denies the allegations contained in Paragraph 13 of the Complaint.

14.    The United States is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint as stated, and on that basis denies the allegations.

15.    The United States is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis denies the allegations.

16.    The United States is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and on that basis denies the allegations.

17.    The United States admits that at times during the 1957 to 1962 time period, nuclear components were fabricated at the Facility by Plaintiff or its predecessors, but the United States is without sufficient knowledge or information at this time to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint, and on that basis denies the allegations.

18.    The allegations in Paragraph 18 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States denies the allegations contained in Paragraph 18 of the Complaint.

19.    The allegations in Paragraph 19 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States denies the allegations contained in Paragraph 19 of the Complaint.

20.    The United States is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis

denies the allegations.

21.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on that basis denies the allegations.

22.     The allegations in Paragraph 22 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and on that basis denies the allegations.

23.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and on that basis denies the allegations.

24.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and on that basis denies the allegations.

25.     The allegations in Paragraph 25 of the Complaint refer to and purport to characterize a document, which document speaks for itself and is the best evidence of its contents.  Therefore, no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and on that basis denies the allegations.

26.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on that basis denies the allegations.  Alternatively, the phrase "pursuant to the specific review and approval of" is too

vague and ambiguous to formulate a response to the allegations in Paragraph 27 of the

Complaint, and on that basis, the United States denies the allegations.

27.     The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 27 of the Complaint, and on that basis denies the

allegations.

28.     The allegations in Paragraph 28 of the Complaint are conclusions of law to which

no response is required.  To the extent a response is required, the United States is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 28 of the Complaint at this time, and on that basis denies the allegations.

29.     The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 29 of the Complaint at this time, and on that basis

denies the allegations.  Alternatively, the allegations is too vague and ambiguous to permit the

formulation of a response.

30.     The allegations in Paragraph 30 of the Complaint are conclusions of law to which

no response is required.  To the extent a response is required, the United States is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 30 of the Complaint at this time, and on that basis denies the allegations.

31.     The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 31 of the Complaint at this time, and on that basis

denies the allegations.  Alternatively, the terms "directly benefitted" is too vague and ambiguous

to permit the formulation of a response to the allegation in Paragraph 31 of the Complaint.

32.     The allegation in Paragraph 32, that "large quantities of trichloroethylene were

used" is too vague and ambiguous to formulate a response.  To the extent a response is required, the United States is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and on that basis denies the allegations.

33.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and on that basis denies the allegations.

34.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and on that basis denies the allegations.

35.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and on that basis denies the allegations.

36.    Upon information and belief, the United States admits that some amount of radioactive material can be found at the Facility at this time, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of allegations in Paragraph 36 of the Complaint, and on that basis denies the allegations.

37.    The allegations in Paragraph 37 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and on that basis denies the allegations.

38.    The United States admits the allegations contained in Paragraph 38 of the Complaint.

39.     The allegations in Paragraph 39 of the Complaint refer to and characterize a document, which document speaks for itself and is the best evidence of its contents.  Therefore, no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and on that basis denies the allegations.

40.     Upon information and belief, the United States admits that the Oak Ridge Institute for Science and Education performed a survey at Facility, however, the allegations in Paragraph 40, regarding "certain building areas at the Facility," are too vague and ambiguous to formulate a response to the remainder of the allegations in Paragraph 40.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint at this time, and on that basis denies the allegations.

41.     The allegation in Paragraph 41, regarding "[o]ther portions of the facility" is too vague and ambiguous to formulate a response.  Further the allegations in Paragraph 41 of the Complaint refer to and characterize a "decommissioning plan," which document speaks for itself and is the best evidence of its contents.  Therefore, no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint at this time, and on that basis denies the allegations.

42.     The allegations in the first sentence of Paragraph 42 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of

the allegations in the first sentence of Paragraph 42 of the Complaint at this time, and on that basis denies the allegations. The allegations in the second sentence of Paragraph 42, specifically the phrase "from it Site Decommissioning Plan," are too vague and ambiguous to formulate a response. To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 42 of the Complaint at this time, and on that basis denies the allegations.

43.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint at this time, and on that basis denies the allegations.

44.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint at this time, and on that basis denies the allegations.

45.    Upon information and belief, the United States admits that U.S. Mint sent materials used in the production of coin-related products to the Engelhard Facility, but the United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 of the Complaint, and on that basis denies the allegations. Alternatively, the allegations in Paragraph 45 of the Complaint contain conclusions or assertions of law, to which no response is required.

46.    The allegations in Paragraph 46, regarding "the high intrinsic value of the government-owned material" and "rigorous inventory control measures," are too vague and ambiguous to formulate a response. To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 46 of the Complaint, and on that basis denies the allegations.  Further, the allegation

that the materials were "government-owned" is a conclusion of law, to which no response is

required.

      47.     The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 47 of the Complaint, and on that basis denies the

allegations.

      48.     The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 48 of the Complaint, and on that basis denies the

allegations.

      49.     The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 49 of the Complaint, and on that basis denies the

allegations.

      50.     With respect to the allegations in Paragraph 50 of the Complaint, the United

States admits that Engelhard "operated" an ion wastewater treatment system at the Facility at

some time periods.  The United States is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 50 of the Complaint, and on that

basis denies the allegations.

      51.     The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 51 of the Complaint, and on that basis denies the

allegations.

      52.     With respect to the allegations in Paragraph 52 of the Complaint, the United

States admits that Engelhard "arranged" for the management and disposal of wastewater at the

- 10 -

Facility during various time periods.  The United States is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 of the

Complaint, and on that basis denies the allegations.

53.     The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 53 of the Complaint, and on that basis denies the

allegations.

54.     Upon information and belief, the United States admits that during periods of time

in which Engelhard operated the Facility, hazardous substances were released into the

environment by Engelhard as a result of Engelhard's operations.  The United States is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in Paragraph 54 of the Complaint, and on that basis denies the allegations.

55.     Based upon information and belief, the United States affirmatively alleges that the

United States Environmental Protection Agency is overseeing the performance of corrective

actions at the Facility pursuant to the Resource Conservation and Recovery Act, 42 U.S.C.

§§ 6901-92k, and in the course of conducting that oversight function is maintaining an

administrative record.  Based upon information and belief, the allegations in Paragraph 55 of the

Complaint concern facts reflected in the administrative record, which record speaks for itself and

is the best evidence of its contents.  To the extent a further response is deemed required, the

United States is without information or knowledge sufficient to form a belief as to the truth of

the allegations in Paragraph 55 of the Complaint, and on that basis denies the allegations.

56.     The allegations in Paragraph 56 of the Complaint refer to and purport to

characterize a document, which document speaks for itself and is the best evidence of its

contents.  Therefore, no response is required.

57.    The allegations in Paragraph 57 of the Complaint refer to and purport to characterize a document, which document speaks for itself and is the best evidence of its contents.  Therefore, no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint, and on that basis denies the allegations.

58.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and on that basis denies the allegations.

59.    The allegations in Paragraph 59 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 59 of the Complaint refer to and characterize a document, which document speaks for itself and is the best evidence of its contents.

60.    The allegations in Paragraph 60 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the allegations in Paragraph 60 of the Complaint refer to and characterize a document, which document speaks for itself and is the best evidence of its contents.

61.    The United States denies the allegations in Paragraph 61 of the Complaint as stated.

62.    The United States responds to Paragraph 62 of the Complaint by incorporating by reference, as if specifically set forth herein, the foregoing Paragraphs 1-61 of this Answer.

63.    The allegation in Paragraph 63 of the Complaint is a conclusion of law to which

no response is required.  To the extent a response is required, the United States denies the allegation.

64.     The allegation in Paragraph 64 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is required, the United States denies the allegation.

65.     The allegations in Paragraph 65 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States denies the allegations.

66.     The allegation in Paragraph 66 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is required, the United States denies the allegation.

67.     The allegation in Paragraph 67 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is required, the United States denies the allegation.

68.     The allegation in Paragraph 68 of the Complaint is a conclusion of law to which no response is required.  Additionally, the terms "[t]hese releases" is too vague and ambiguous to formulate a response.  To the extent a response is required, the United States denies the allegations.

69.     The allegation in Paragraph 69 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is required, the United States denies the allegation.

70.     The allegation in Paragraph 70 of the Complaint is a conclusion of law to which

no response is required.  To the extent a response is required, the United States denies the allegation.

71.     The allegations in Paragraph 71 of the Complaint are conclusion of law to which no response is required.  To the extent a response is required, the United States denies the allegations.

72.     The United States responds to Paragraph 72 of the Complaint by incorporating by reference, as if specifically set forth herein, the foregoing Paragraphs 1-71 of this Answer.

73.     The allegation in Paragraph 73 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is required, the United States denies the allegation.

74.     The allegation in Paragraph 74 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is required, the United States denies the allegation.

75.     The United States responds to Paragraph 75 of the Complaint by incorporating by reference, as if specifically set forth herein, the foregoing Paragraphs 1-74 of this Answer.

76.     The allegation in Paragraph 76 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is required, the United States denies the allegation.

77.     The allegation in Paragraph 77 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is required, the United States denies the allegation.

78.     The allegation in Paragraph 78 of the Complaint is a conclusion of law to which

no response is required.  To the extent a response is required, the United States denies the
allegation.

79.    By Order dated March 26, 2007 (Dkt. No. 43), the Court in this case dismissed
with prejudice Plaintiff's Fourth Cause of Action pursuant to Rule 12(b)(6) of the Federal Rules
of Civil Procedure.  As such, to the extent Paragraphs 79, 80, 81, and 82 of the Complaint
purport to comprise or form the basis of Plaintiff's Fourth Cause of Action, no response to the
allegations in those Paragraphs is required by the United States.  To the extent a response is
required to Paragraphs 79-82, the United States responds as follows:

The United States responds to Paragraph 79 of the Complaint by incorporating by
reference, as if specifically set forth herein, the foregoing Paragraphs 1-78 of this Answer.

80.    The allegations in Paragraph 80 of the Complaint refer to and purport to
characterize the Administrative Order of September 9, 1993, which document speaks for itself
and is the best evidence of its contents.  Therefore, no response is required.  Further, based upon
information and belief, the United States affirmatively alleges that the United States
Environmental Protection Agency is overseeing the performance of corrective actions at the
Facility pursuant to the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901-92k, and
in the course of conducting that oversight function is maintaining an administrative record.
Based upon information and belief, the allegations in Paragraph 80 of the Complaint concern
facts reflected in the administrative record, which record speaks for itself and is the best
evidence of its contents.  To the extent a further response is deemed required, the United States
is without information or knowledge sufficient to form a belief as to the truth of the allegations
in Paragraph 80 of the Complaint, and on that basis denies the allegations.

81.     The allegation in Paragraph 81 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is required, the United States denies the allegation.

82.     The allegations in Paragraph 82 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States denies the allegations.

83.     The United States responds to Paragraph 83 of the Complaint by incorporating by reference, as if specifically set forth herein, the foregoing Paragraphs 1-82 of this Answer.

84.     The allegations in Paragraph 84 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States denies the allegations.

85.     The allegations in Paragraph 85 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States denies the allegations.

86.     The allegations in Paragraph 86 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the United States denies the allegations.

87.     The allegation in Paragraph 87 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is required, the United States denies the allegation.

88.     The United States responds to Paragraph 88 of the Complaint by incorporating by reference, as if specifically set forth herein, the foregoing Paragraphs 1-87 of this Answer.

89.      The allegation in Paragraph 89 of the Complaint is a conclusion of law to which no response is required.  To the extent a response is required, the United States denies the allegation.

90.      The allegation in Paragraph 90 of the Complaint is a conclusion of law, or a request for judicial relief, to which no response is required.  To the extent a response is required, the United States denies the allegation.

91.      The allegation in Paragraph 91 of the Complaint is a conclusion of law, or a request for judicial relief, to which no response is required.  To the extent a response is required, the United States denies the allegation.

92.      To the extent that any allegation of fact in the Complaint remains unanswered, the United States denies such allegation.

WHEREFORE, the United States requests that this Court enter an order denying Plaintiff's claims for relief and prayers for relief; denying all other relief sought by Plaintiff; dismissing the Complaint with prejudice and with costs; entering judgment in favor of the United States; and awarding to the United States their costs and such further relief as the Court deems just and proper.

<u>DEFENSES</u>

The United States asserts the following defenses to the claims made in the Complaint:

1.      The Court lacks jurisdiction over the subject matter of one or more claims contained in the Complaint.

2.      The United States has not waived its sovereign immunity with respect to one or more claims contained in the Complaint.

- 17 -

3.    The Complaint fails to state a claim upon which relief may be granted.

4.    Some or all of Plaintiff's claims are moot.

5.    None of the Defendants is a liable party under section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607, for the alleged contamination at the site or facility identified in the Complaint.

6.    Plaintiff's allegations are insufficient to establish liability on the part of any of the Defendants under Section 107 of CERCLA for the alleged contamination at the site or facility identified in the Complaint.

7.    In allocation of responsibility, Plaintiff should recover nothing, or less than it demands, for equitable reasons, including but not limited to the doctrines of unclean hands, estoppel, waiver, laches, or comparative fault.

8.    Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations.

9.    All or some of the "response costs" claimed by Plaintiff are not properly recoverable at law.

10.    Plaintiff's recovery, if any, should be diminished under Section 114(b) of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9614(b).

11.    Plaintiff is not entitled to impose joint and several liability under Section 107 of CERCLA.

The United States intends to file counterclaims in this case against Plaintiff, but is refraining from doing so at this time in light of the Joint Stipulation and Order that is being filed

- 18 -

contemporaneously herewith.

                                                                   Respectfully submitted,

                                                                   RONALD J. TENPAS
                                                                   Assistant Attorney General
                                                                   Environment & Natural Resources Division

Dated: January 25, 2008                     /s/ Stephen E. Crowley
                                                                      STEPHEN E. CROWLEY
                                                                   U.S. Department of Justice
                                                                   Environment & Natural Resources Division
                                                                   Environmental Defense Section
                                                                   P.O. Box 23986
                                                                   Washington, D.C.  20026-3986
                                                                   Tel: (202) 514-0165
                                                                   Fax: (202) 514-8865
                                                                   Stephen.Crowley@usodj.gov

                                                                   MICHAEL J. SULLIVAN
                                                                   United States Attorney
                                                                   District of Massachusetts

                                                                   ANTON P. GIEDT
                                                                   Assistant U.S. Attorney
                                                                   1 Courthouse Way
                                                                   Boston, MA  02210
                                                                   Tel:  (617) 748-3309
                                                                   Fax: (617) 748-3967
                                                                   anton.giedt@usdoj.gov

                                                                   *Attorneys for the United States*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 25th Day of January 2008, served a true and correct copy of the foregoing UNITED STATES' ANSWER on Plaintiff's counsel of record by electronic filing, as follows:

> Ronald L. Kuis, Esq.
> 12 Scenery Road
> Pittsburgh, PA 15221
> rlkuis@aol.com

> David P. Rosenblatt
> Paul R. Mastrocola
> Burns & Levinson, LLP
> 125 Summer Street
> Boston, MA  02110
> Drosenblatt@burnslev.com

/s/ Stephen E. Crowley
STEPHEN E. CROWLEY
Attorney for the Defendants
